IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DONTE PARRISH, | : | No. 1:13-cv-00260 |
| Plaintiff, | : | Hon. John E. Jones III |
| v. | : | Hon. Susan E. Schwab |
| STEVEN ROWE, *et al.*, | : | |
| Defendants. | : | |

# MEMORANDUM

### April 23, 2013

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

This matter comes before the Court on the Report and Recommendation ("R&R") of Magistrate Judge Susan E. Schwab (doc. 7), filed March 29, 2013. The R&R recommends that we grant the application for leave to proceed *in forma pauperis* of *pro se* Plaintiff Donte Parrish ("Parrish") and that the complaint (doc. 1) be dismissed with prejudice. Parrish filed an objection (doc. 9) on April 17, 2013. For the reasons that follow, we shall adopt Judge Schwab's recommended disposition in its entirety.

I.  **STANDARD OF REVIEW**

When objections are filed to the report of a magistrate judge, the district court makes a *de novo* determination of those portions of the report or specified

proposed findings or recommendations to which objections are made. 28 U.S.C. § 636(b)(1); *United States v. Raddatz*, 447 U.S. 667, 674-75 (1980). The court may accept, reject, or modify, in whole or in part, the magistrate judge's findings or recommendations. *Id.* Although the standard of review is *de novo*, 28 U.S.C. § 636(b)(1) permits whatever reliance the district court, in the exercise of sound discretion, chooses to place on a magistrate judge's proposed findings and recommendations. *Raddatz*, 447 U.S. at 674-75; *see also Mathews v. Weber*, 423 U.S. 261, 275 (1976); *Goney v. Clark*, 749 F.2d 5, 7 (3d Cir. 1984).

## II. BACKGROUND

### A. Factual and Procedural History

Donte Parrish ("Parrish"), a federal prisoner proceeding *pro se*, commenced this civil rights action by filing a complaint (doc. 1) on February 5, 2013. Therein, Parrish names seven defendants: Steven Rowe, a Deputy United States Marshal; David Godfrey, a sergeant with the York City Sheriff's Office; David Allison, a deputy York City Sheriff; and Anthony Glowczewski, Scott James, Robin Stine, and Jeff Martz, several detectives with the York County District Attorney's Office. According to the complaint, on March 4, 2005, the Defendants raided Parrish's apartment while executing an arrest warrant. After Parrish was taken into custody, several officers remained in his residence and conducted a search. In a report filed

two days after the arrest, Rowe indicated that Parrish's ex-girlfriend consented in writing to the search, thus causing Parrish to believe the search was lawful. Parrish later learned that his ex-girlfriend did not consent to the search. According to the complaint, the Defendants' actions resulted in Parrish receiving a sentence 150% higher than he would have received without the illegal search. For this alleged deprivation of due process, Parrish seeks $25,000 in damages from each of the named Defendants and a full restoration of his appellate rights.

B.      **Report and Recommendation**

Magistrate Judge Schwab undertook a preliminary screening of Parrish's *pro se* complaint pursuant to 28 U.S.C. § 1915A and thereafter issued the instant R&R.[1] In the R&R, Judge Schwab reiterated long-established principles governing statutes of limitation in *Bivens*[2] and 42 U.S.C. § 1983 actions and concluded that because Parrish did not commence this litigation until nearly eight (8) years after the allegedly unlawful search, Parrish's claim is barred by the two-year statute of limitations and his complaint thus must be dismissed. (Doc. 7, p. 7). Anticipating a discovery rule or other tolling argument from the Plaintiff, Judge Schwab took

---

[1] The standard governing preliminary screening of *in forma pauperis* complaints is set forth fully in the R&R. Rather than repeat that standard of review herein, we direct the reader to the R&R at pages 3 through 6.

[2] *Bivens v. Six Unknown Named Agents of Fed. Bur. of Narcotics*, 403 U.S. 388 (1971).

judicial notice of the fact that on January 11, 2011, in connection with a 28 U.S.C. § 2255 petition filed in his criminal case, Parrish submitted an affidavit from his ex-girlfriend which indicated that she did not give consent for the search. (*Id.*). Judge Schwab thus concluded that "even assuming for the sake of argument that Parrish could not have discovered by the exercise of reasonable diligence that his ex-girlfriend did not consent to the search prior to the date of her affidavit, Parrish knew or through the exercise of reasonable diligence could have known about the purported lack of consent by January 11, 2011, at the latest." (*Id.*). Because Parrish did not file his complaint in this matter until well more than two years outside of that date, Judge Schwab recommends dismissal of his claims with prejudice.

### C. Objections

Parrish filed an objection (doc. 9) to the R&R on April 17, 2013. In his one paragraph objection, Parrish asserts each of the tolling arguments anticipated and rejected by Judge Schwab in her R&R. In his objection, Parrish broadly asserts that he believes his complaint is timely "per discovery, miscalculation of time limits, and fraud/fraudulent concealment doctrine." (Doc. 9, p. 1). None of the Defendants have objected to the R&R.

## III. DISCUSSION

After an independent review of the *pro se* Plaintiff's complaint, we are in full agreement with the disposition recommended in the R&R. As Judge Schwab aptly observes, our courts have long held that the statute of limitations governing Section 1983 and *Bivens* actions shall be the same as the statute of limitations that governs personal injury actions in the state where the constitutional transgression allegedly occurred. *Kost v. Kozakiewicz*, 1 F.3d 176 (3d Cir. 1993) (applying the Pennsylvania two-year statute of limitations established by 42 PA. CONS. STAT. § 5524 to Section 1983 claim). By that same rationale, courts have concluded that the Commonwealth's discovery rule is equally applicable in Section 1983 and *Bivens* actions, holding that the limitations period is not triggered until that time when the plaintiff knew or, through the exercise of reasonable diligence should have known, of the injury that forms the basis for their action. *See, e.g.*, *Sandutch v. Muroski*, 684 F.2d 252, 254 (3d Cir. 1982).

The facts contained in the Plaintiff's complaint, in conjunction with the judicially-noticed filings from his criminal case, establish that Parrish's complaint is time barred by the statute of limitations. Assuming *arguendo* that Parrish did not and could not have known that the search was not consented to prior to the filing of his ex-girlfriend's affidavit in connection with his Section 2255 proceeding, that

filing alone provides ample notice to Parrish of the alleged lack of consent and thus triggers the statute of limitations as of January 11, 2011, the date of its filing. Thus, even under this admittedly favorable construction of the facts, the statute of limitations for Parrish's claims would have expired on January 11, 2013. Because Parrish did not file this case until February 5, 2013, more than two years after he knew or reasonably should have known of the purported lack of consent, we are in full agreement with Judge Schwab's recommendation that his claims be dismissed as time-barred by the applicable statute of limitations.

## IV. CONCLUSION

For all of these reasons, we will adopt Magistrate Judge Schwab's Report and Recommendation (doc. 7) in its entirety. An appropriate Order shall issue.